

**NUMBER 13-07-730-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**ARMANDO VELASQUEZ,**                                             **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                               **Appellee.**

**On appeal from the 319th District Court of Nueces County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Benavides
Memorandum Opinion by Justice Yañez**

Appellant, Armando Velasquez, entered an "open" plea of guilty to two counts of aggravated sexual assault of a child[1] and two counts of indecency with a child.[2] The trial court assessed punishment at fifteen years' imprisonment for each count, to be served

---

[1] *See* TEX. PENAL CODE ANN. § 22.021 (Vernon Supp. 2007).

[2] *See id.* § 21.11 (Vernon 2003).

concurrently.  In three issues, appellant contends:  (1) the trial court abused its discretion by imposing a prison sentence instead of community supervision; (2) the trial court erred in failing to admonish him regarding the sex offender registration requirements;[3] and (3) he received ineffective assistance of counsel.  We affirm.

## I.  Community Supervision

In his first issue, appellant contends the trial court abused its discretion in denying his request for community supervision.  Appellant argues that his guilty plea was involuntary because he allegedly entered the plea based on an erroneous belief that he would be eligible for community supervision.  According to appellant, he "did not know that the decision to receive community supervision [was] entirely discretionary with the [c]ourt," and "was under the impression that by entering a plea of guilty, he would receive community supervision."  Appellant argues he "was harmed by being convicted of a 3(g) offense and not being eligible for parole under the normal rules [of the code of criminal procedure]."

The record contains appellant's "Application for Community Supervision," in which he requested deferred adjudication.  We construe appellant's argument to be that because of the nature of his offenses, he was not eligible for court-ordered community supervision under the provisions of section 3g of article 42.12 of the code of criminal procedure.[4]

---

[3] Appellant contends that the failure to admonish him as to the sex-offender registration requirement violated due process, and therefore, his guilty plea was involuntary.  *See Young v. State*, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000) (holding waiver of all non-jurisdictional defects that occurred before a guilty plea entered without the benefit of an agreed sentencing recommendation, other than the voluntariness of the plea, occurs when the judgment of guilt was rendered independent of, and is not supported by, the claimed error).

[4] *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 3g(a)(1)(C), (E) (Vernon 2006).

2

However, at the punishment hearing, appellant's counsel made clear that he was "requesting deferred adjudication, which is the only probation available in this kind of case."[5] Therefore, the record reflects that appellant was properly advised, and his counsel requested that the trial court consider deferred adjudication, the only type of "probation" available under the circumstances.

### A. Standard of Review and Applicable Law

A guilty plea must be freely, knowingly, and voluntarily made.[6] In considering the voluntariness of a guilty plea, the court should examine the record as a whole.[7] When the record reflects that a defendant was properly admonished, it presents a prima facie showing that the guilty plea was knowing and voluntary.[8] The burden then shifts to the defendant to demonstrate that his or her plea was not voluntary.[9]

A defendant's guilty plea has been found to be voluntary despite a record showing that he timely filed a motion for probation for an offense for which judge-ordered probation was not available under section 3 of article 42.12.[10] The mere fact that an appellant may have received a higher punishment than he or she anticipated or hoped does not render

---

[5] *See id.* art. 42.12, § 5.

[6] *Brady v. United States*, 397 U.S. 742, 748 (1970); *Mitschke v. State*, 129 S.W.3d 130, 136 (Tex. Crim. App. 2004).

[7] *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998); *see also* TEX. CODE CRIM. PROC. ANN. art. 26.13 (Vernon Supp. 2007).

[8] *Pena v. State*, 132 S.W.3d 663, 665 (Tex. App.–Corpus Christi 2004, no pet.); *Martinez*, 981 S.W.2d at 197; *Ribelin v. State*, 1 S.W.3d 882, 884 (Tex. App.–Fort Worth 1999, pet. ref'd).

[9] *Pena*, 132 S.W.3d at 666; *Martinez*, 981 S.W.2d at 197; *Ribelin*, 1 S.W.3d at 884.

[10] *See Powers v. State*, 727 S.W.2d 313, 315-16 (Tex. App.–Houston [1st Dist.] 1987, pet. ref'd).

the guilty plea involuntary.[11]  A guilty plea is not involuntary simply because the sentence exceeded what an accused expected, even if that expectation was raised by his or her attorney.[12]

## B. Discussion

Here, the evidence is insufficient to rebut the presumption that appellant's plea was voluntary.  The record contains the court's written admonishments and the "Defendant's Statement Understanding Admonishments," signed and initialed by appellant.  The document states, among other things, that appellant understands the written admonishments and is satisfied with his counsel's representation.  At the plea hearing, appellant's counsel referred to deferred adjudication three times, including the following exchange:

> Q [Appellant's counsel]: Now, Mr. Velasquez, I've already expressed to [the judge] that I'll be asking that he consider placing you on deferred adjudication.  Do you understand that?
>
> A [Appellant]: Yes, sir, I do.
>
> Q: And do you understand that deferred adjudication, if you were placed on ten years probation, that if you violated any condition of your probation you could be facing two sentences of five years to 99 years, and two sentences of two years to 20 years, and those could all be stacked on top of each other?
>
> A: I found that out today, yes, sir.
>
> Considering the totality of the circumstances, viewed in light of the entire record, we

---

[11]  *Thomas v. State*, 2 S.W.3d 640, 642 (Tex. App.–Dallas 1999, no pet.).

[12] *Houston v. State*, 201 S.W.3d 212, 217-18 (Tex. App.–Houston [14th Dist.] 2006, no pet.); *Hinkle v. State*, 934 S.W.2d 146, 149 (Tex. App.–San Antonio 1996, pet. ref'd); *Russell v. State*, 711 S.W.2d 114, 116 (Tex. App.–Houston [14th Dist.] 1986, pet. ref'd).

conclude appellant has failed to meet his burden to demonstrate that his plea was not voluntary.[13]  Appellant's responses at the plea hearing reflect that he understood that he was asking the trial court to consider placing him on deferred adjudication.  We also conclude the trial court did not abuse its discretion in denying appellant's request for deferred adjudication community supervision.  We overrule appellant's first issue.

## II.  Sex-Offender Registration Requirements

In his second issue, appellant contends the trial court erred by failing to give him the sex-offender-registration admonition.[14]  Appellant also asserts that his plea was involuntary because the failure to admonish as to the registration requirements violated due process.

The court of criminal appeals has directly addressed this issue.  In *Anderson v. State*, the court held that "the failure to admonish [an] appellant as to a direct, non-punitive consequence of his plea, specifically, the sex-offender-registration requirement, did not violate due process or render his plea involuntary."[15]  Moreover, we conclude that the record establishes that appellant was aware of the sex-offender registration requirements. At the plea hearing, the following exchange occurred:

Q [Appellant's counsel]: Mr. Velasquez, you understand that you'll never be allowed to be around children? Especially young girls. You understand that, even after—

A [Appellant]: Yes, sir.

Q:  — if you go to prison and after you get out of prison you will never be

---

[13] *See Martinez*, 981 S.W.2d at 197.

[14] *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(5) (Vernon Supp. 2007).

[15] *Anderson v. State*, 182 S.W.3d 914, 918 (Tex. Crim. App. 2006) (citing *Mitschke*, 129 S.W.3d at 136); *see also Bessey v. State*, 239 S.W.3d 809, 812 n.3 (Tex. Crim. App. 2007).

5

allowed? That you will have to register as a sex offender?

A: Yes, sir.

Q: Regardless of what the Judge does?

A: Yes, sir.

We conclude that appellant has not established that his plea was involuntary because he was not admonished as to the sex-offender-registration requirements. We overrule appellant's second issue.

### III. Ineffective Assistance

By his third issue, appellant contends he was denied effective assistance of counsel. Specifically, appellant complains that: (1) his counsel failed to fully admonish him as to the consequences of pleading guilty to a sexual offense; (2) he relied on his counsel's assertions that he would receive community supervision; (3) he would not have pleaded guilty if he had known the full consequences of his plea; and (4) his counsel erred by allowing him to testify at the sentencing hearing because the only negative testimony against his being placed on community supervision was his own testimony.

In determining the voluntariness of a plea based on a claim of ineffective assistance of counsel, we consider: "(1) whether counsel's advice was within the range of competence demanded of attorneys in criminal cases and if not, (2) whether there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty [or no contest] and would have insisted on going to trial."[16] In evaluating

---

[16] *Ex parte Moody*, 991 S.W.2d 856, 857-58 (Tex. Crim. App. 1999) (quoting *Ex parte Morrow*, 952 S.W.2d 530, 536 (Tex. Crim. App. 1997)); *see also Strickland v. Washington*, 466 U.S. 668, 687(1984) (to prevail on a claim of ineffective assistance, an appellant must show that counsel's performance was deficient (i.e., fell below an objective standard of reasonableness), and prejudiced the appellant (i.e., there is a

6

the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case.[17] Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.[18] There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance.[19] Appellant bears the burden of proving by a preponderance of the evidence that counsel was ineffective.[20]

Here, appellant was required to show that his counsel's failures to (1) inform him of the sex-offender registration requirements, (2) properly advise him regarding community supervision, and (3) warn him against testifying at the sentencing hearing were outside the range of competence demanded of attorneys in criminal cases, and that, but for counsel's errors, he would not have entered a plea, and instead, would have proceeded to trial.

Appellant filed a motion for new trial in which he complained that his counsel was ineffective because he was not admonished as to the consequences of pleading guilty to a sexual offense (i.e., the requirement to register as a sex offender). No hearing was held on appellant's motion for new trial.

---

reasonable probability the result of the proceeding would have been different but for counsel's errors); *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996).

[17] *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

[18] *Id.*

[19] *Id.*

[20] *Id.*

We have already determined that the record does not support appellant's claims that his counsel failed to advise him regarding his request for deferred adjudication community supervision and the requirement to register as a sex offender. As to counsel's decision to allow appellant to testify at the sentencing hearing, we conclude that the decision was a matter of trial strategy. The record is silent as to any advice counsel may have provided regarding the decision.

On direct examination, appellant's counsel elicited testimony regarding appellant's teaching career, his relationship with his son, his remorse for his conduct, and his willingness to abide by any conditions of community supervision. On cross-examination, the State elicited testimony from appellant that although the instances of sexual assault were his "fault," sometimes the victims "invite[d] the situation."[21] Although this testimony was damaging, counsel's strategy likely was to persuade the trial court to place appellant on deferred adjudication community supervision. In any event, in the face of a silent record as to counsel's strategy, we may not speculate about counsel's tactics or reasons for taking or not taking certain actions.[22] Moreover, appellant has made no showing that but for his counsel's errors, he would not have pleaded guilty and would have gone to trial.[23]

Appellant has not satisfied his burden to show that he received ineffective assistance of counsel. He failed to establish that his counsel's conduct fell below a

---

[21] The two victims, a ten-year-old girl and a seven-year-old girl, were friends of appellant's son, and they frequently visited his home.

[22] *See Bone v. State*, 77 S.W.3d 828, 833-35 (Tex. Crim. App. 2002).

[23] *See Ex parte Moody*, 991 S.W.2d at 857-58.

reasonable standard of competence or that but for his counsel's errors, he would not have pleaded guilty.[24]  We overrule appellant's third issue.

## IV.  Conclusion

We affirm the trial court's judgment.

LINDA REYNA YAÑEZ,
Justice

Do not publish.  TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and filed
this the 29th day of August, 2008.

---

[24] *See id.*